IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| Alice Guth, )<br>)<br>    Plaintiff, )<br>)<br>            v. )<br>)<br>Tazewell County, Illinois, )<br>Tazewell County Board, )<br>Tazewell County Zoning Board of )<br>Appeals, )<br>Tazewell County Planning and )<br>Zoning Department, )<br>Christie A. Webb, Tazewell County )<br>Clerk, )<br>)<br>    Defendants. ) | No.  09-CV-1333 |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Plaintiff pursues constitutional and state law claims based on Defendants' refusal to rezone her properties from "agricultural" to "rural residential" in October, 2007.  Defendants move to dismiss on various grounds, pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons below, the Court recommends the motion be granted in part and denied in part.

## Standard

To state a claim under federal notice pleading standards, the Complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Factual allegations are accepted as true and must give "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)(other citation omitted).  However, the "' . . . allegations, [must] show that it is plausible, rather than merely speculative, that [the plaintiff] is entitled to relief.'"  Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008)(quoted and other citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), *citing* Twombly, 127 S.Ct. 1955.

## Allegations

At times relevant, Plaintiff owned four parcels of land, referred to herein as parcel A, B, C or D.  In September, 2004, she filed an application to rezone parcel A from "A-1 agricultural" to "rural residential," which was denied (Complaint, ¶¶ 10, 29-31).  The next Fall (August, 2005), she filed similar applications to rezone parcels B and C to rural residential, which were also denied.  Id. ¶¶ 12, 32-34.

Plaintiff followed with two state court lawsuits against the same defendants in this case, challenging the denial of her rezoning applications for parcels A, B and C.  The state lawsuits were consolidated and ultimately settled pursuant to an agreed judgment order entered October 13, 2006.  That agreed order adopted factual findings that parcels A, B and C were suitable for rural residential zoning and that "such use should be allowed." (Agreed Judgment Order, d/e 21, ¶ 16).[1]  In particular, the order specified that parcels A, B and C were not "being used for any economically productive purpose" and had been "designated . . . as a community growth area."  Additionally, the order stated that nearby properties were "compatible with Rural Residential uses,'" and "there is no

---

[1] The Complaint refers to the agreed order as Exhibit A attached, but it was not attached to the Complaint.  The order can be found at docket entry 21.

gain to the public in denying the re-zoning." See id. ¶¶ 10, 12, 14, 15. The parties agreed in that order that parcels A, B, and C "may be used for any use permitted in Tazewell County's Rural Residential zoning classification." Id. ¶ 17.

Parcel D was not part of the state lawsuits, but Plaintiff filed an application to rezone parcel D from agricultural to rural residential on October 10, 2006. (Complaint, ¶ 20). The agreed order addresses parcel D as well, specifying that parcel D was also in a community growth area and "similar in all material respects and physical features to Property B." Id. ¶ 46. The agreed order required Defendants "to take the findings of this court regarding Properties A-C, and particularly the similarities between Properties B and D, into full consideration in the hearing of Plaintiff's application regarding Property D." Id. ¶ 48.

The agreed order provides that "neither party shall be liable for any further claims, demands or causes of action or suits at law or in equity for any act or omission related to the Applications for Zoning filed by Plaintiff and heard in zoning cases 04-46-Z and 05-68-Z before the Tazewell County Zoning Board." Id. ¶ 6.

After the agreed order entered, rezoning of all four parcels was again sought. Rezoning was recommended by the County Land Use Planner, the Zoning Board of Appeals, and the Land Use Committee. Final approval, however, required a three-quarter majority vote by the Tazewell County Board, because adjacent landowners had objected. (Complaint, ¶ 52). Despite the agreed order and the recommendations, a three-quarter majority vote was not obtained and the applications were denied. Id. ¶ 53.

In denying the applications, the County Board did not make any findings, despite the recommendation of an Assistant State's Attorney who was present at the vote and despite objections by the zoning administrator. Nor did the Board disturb the findings of the Zoning Board of Appeals, which had supported rezoning. Comments were made by some Board members at the hearing that:

> "If Judge Grawey [the Judge who entered the Agreed Order] wants to be on the zoning board of appeals or zoning committee he ought to run or get appointed."
>
> *   *   *
>
> "Terry [a County Board Member] says he was disappointed with the judgment decision and I'm incensed with it. This board has made its stand consistently and I'd like us to, I plan on voting no tonight."

(Complaint, ¶ 56, bracketed material in original).

The same night the County Board denied Plaintiff's applications, it approved identical rezoning for a parcel close to Plaintiff's. (Complaint, ¶ 89). A County Board member remarked on the inconsistent treatment between Plaintiff's parcels and the parcel that had been approved for rezoning. Id. ¶ 91. In addition, the County Board has allowed rezoning to rural residential of other property which is similarly situated to Plaintiff's. For example, the person who objected to Plaintiff's applications was able to obtain rezoning from A-1 agricultural to rural residential of property that is close to Plaintiff's. Id. ¶¶ 85-88. These more favorably treated properties were indistinguishable from Plaintiff's, from a zoning perspective. (Complaint, ¶ 88).

Plaintiff persevered despite the County Board's denial and ultimately succeeded on September 24, 2008, when her parcels were rezoned rural residential. However, between the time of her initial applications and the ultimate rezoning, "the market for residential real estate, including rural residential development, plummeted." (Complaint, ¶ 99). If she had been able to obtain rezoning from 2004 into 2007, she could have sold the parcels at high prices. Id. She estimates her actual damages at two million dollars. Id. para. 107.

## Analysis

### I. Substantive Due Process

Counts I and II allege a violation of Plaintiff's substantive due process rights under the Illinois and U.S. Constitutions arising from the denial of the rezoning applications.  Defendants are immune from the state constitutional claim, as discussed below, so the Court addresses only the federal claim.

The Seventh Circuit has "recognized the potential for a substantive due process claim in the context of land-use decisions that are arbitrary and unreasonable, bearing no substantial relationship to the public health, safety or welfare." Doherty v. City of Chicago, 75 F.3d 318, 326 (7th Cir. 1996).  "[A] plaintiff bringing a substantive due process claim predicated on deprivation of a property interest must show 1) that the state's decision was arbitrary and irrational, and 2) that the state committed a separate constitutional violation or that state law remedies are inadequate." Contreras v. City of Chicago, 119 F.3d 1286, 1295 (7th Cir.1997)(other citations omitted); Doherty, 75 F.3d at 326.  However, "[f]ederal Courts are not boards of zoning appeals." River Park, Inc. v. City of Highland Park, 23 F.3d 164, 165 (1994).  A substantive due process claim that "falls within

the framework for a takings claim" is subject to the ripeness requirements set forth in Williamson County Reg. Planning Comm'n v. Hamilton Bank, 473 U.S. 172 (1972), which means exhausting state remedies. Forseth v. Village of Sussex, 199 F.3d 363, 370 (7th Cir. 2000). The Seventh Circuit noted in Forseth that "we have yet to excuse any substantive due process claim in the land-use context from *Williamson*'s ripeness requirements." 199 F.3d at 369; *see also* Greenfield Mills, Inc. v. Macklin, 361 F.3d 934, 961 (7th Cir. 2004)("exhaustion requirement applies with full force to due process claims (both procedural and substantive) when based on the same facts as a takings claim.").

The Court believes that the allegations do sufficiently allege that the October 2007 denial was arbitrary and irrational. The agreed order alone gives rise to that inference. That is not enough to state a substantive due process claim, though. Plaintiff must also show "a separate constitutional violation or that state law remedies are inadequate." Contreras v. City of Chicago, 119 F.3d 1286, 1295 (7th Cir.1997). Plaintiff does not allege that her state remedies are inadequate, but she does allege separate constitutional violations under the equal protection clause and the First Amendment, *see infra*.

It is not clear if this is what the Seventh Circuit means by a "separate constitutional violation."  In Forseth, the Seventh Circuit concluded that a substantive due process claim could not proceed despite alleged illegitimate animus regarding a land-use decision, yet an equal protection claim was pled and allowed to proceed.  *See also* Curtis v. Wilks, — F.Supp.2d —, 2010  WL 1292481 * 7-8 (N.D. Ill. 2010)(dismissing land-use substantive due process claim as unripe, but addressing equal protection claim on merits); CBS Outdoor, Inc. v. Village of Itasca, 2009 WL 3187250 *2 (N.D. 2009)(same)(not reported in F.Supp).  This suggests that alleging an equal protection violation is not what the Seventh Circuit means by a "separate constitutional violation."  Additionally,  "substantive due process should not be called upon when a specific constitutional provision protects the right allegedly infringed upon . . . ."  Brokaw v. Mercer County, 235 F.3d 1000, 1017 (7th Cir. 2000)(citation omitted).  Here, Plaintiff is already protected by the equal protection clause and the First Amendment.

It appears likely that Plaintiff's substantive due process claim is subject to *Williamson*'s ripeness requirements, but the Court believes this theory of relief should remain in the case for further development.  The parties do not address what the Seventh Circuit means by a "separate

constitutional violation," or how the availability of remedies under the equal protection clause and the First Amendment affect the viability of the substantive due process claim. Nor do Defendants discuss in sufficient detail why Plaintiff's substantive due process claim is equivalent to a takings claim. A more developed record and additional briefing might illuminate these inquiries.

## II. Equal Protection

Count II (titled "42 U.S.C. Section 1983") also appears to pursue an equal protection claim and a retaliation claim, in addition to a substantive due process claim. Count II asserts that

> The County's refusal to rezone the Parcels was manifestly unreasonable and improper, was motivated by an intent to inhibit and punish the exercise of constitutional rights, constitutes selective and discriminatory treatment, and constitutes a denial of Mrs. Guth's substantive rights of due process . . .

(Complaint, ¶ 112).[2]

An equal protection claim based on zoning denials is not subject to *Williamson*'s exhaustion requirement if it is truly an equal protection claim, rather than a mislabeled takings claim. Forseth, 199 F.3d at 370 ("*bona*

---

[2]The Complaint does not pursue County Board members in their individual capacity.

*fide* equal protection claims arising from land-use decisions can be made independently from a takings claim and without being subject to *Williamson* ripeness."). "Absent a fundamental right or a suspect class, to demonstrate a viable equal protection claim in the land-use context, the plaintiff must demonstrate 'governmental actions wholly impossible to relate to legitimate governmental objectives.'" Id. at 370-71.

The Court believes that an equal protection claim plausibly arises from the allegations, though Plaintiff does not specifically call it that. An inference arises from the factual allegations that the denial was arbitrary and irrational in light of the agreed order, and that Plaintiff's claim "'would evaporate if the [governmental body] treated everyone equally.'" Forseth, 199 F.3d at 317 (quoted cite omitted). An inference also arises that the denial was motivated by a desire to retaliate against Plaintiff for challenging the Board's earlier denials.

Defendants contend that Plaintiff did not suffer discriminatory or disparate treatment because her parcels were eventually rezoned in 2008, and that she was never prevented from developing her property as rural residential after the agreed order, despite the Board's refusal to rezone.[3]

---

[3]Plaintiff counters that offers to buy her property fell through because of the refusal to rezone. The building permits and offers are all matters outside the pleadings

These arguments go to the damages available, not to whether the October 2007 denial was arbitrary and irrational. *See* Discovery House, Inc. v. Consolidated City of Indianapolis, 319 F.3d 277, 282 (7th Cir. 2003)(noting that "[e]xactly what relief is available [for equal protection claim based on land-use decisions] is not entirely clear."). Plaintiff's ultimate success in rezoning the property does not negate her claim on the October 2007 denial.

## III. Retaliation for Exercise of First Amendment Right

Plaintiff also alleges in Count II that the County Board denied her applications in October 2007 in retaliation for her state court lawsuits and the agreed order.

Defendants assert that Plaintiff was never prevented from pursuing her legal remedies. However, this claim is not about Plaintiff's access to the courts, it is about retaliation for exercising that right. Defendants do not address this possibility, and the Court believes that a plausible retaliation claim arises from the allegations that the Board denied her applications

---

that cannot be considered at the motion to dismiss stage. Fed. R. Civ. P. 12(d). They have not been considered, but they would not affect the Court's recommendation anyway.

because she successfully challenging the earlier denials in state court.[4]

Defendants also contend that the Board members' comments cannot reasonably be construed as retaliatory, but the Court believes that a plausible inference of retaliatory motive does arise from those comments (one member was reportedly "incensed" with the agreed order). And those comments do not stand alone. The agreed order, the Board's refusal to make any findings, and the Board's contemporaneous grant of a substantially identical application by someone other than Plaintiff also support an inference of retaliatory motive. In short, Defendants' attacks on the factual merits of Plaintiff's claims belong in a summary judgment motion.

## IV. Breach of Contract

Defendants argue that they did not breach the agreed order because the order did not specifically require them to approve the applications, nor, according to Defendants, could it, because zoning is considered a legislative act.

---

[4] Defendants do not contend that Plaintiff was not exercising a federal First Amendment right by pursing the state court actions, so the Court assumes for purposes of this order that she was.

Plaintiff counters that the agreed order did require Defendants to approve the applications, because the findings in that order made approval a foregone conclusion. (d/e 17, p. 29). Plaintiff seeks damages for this breach of contract, based on the failure to rezone the property: "By denying re-zoning of the Parcels, Tazewell County reneged and violated its agreement, inherent in the Agreed Order, with respect to zoning of the Parcels." (Complaint, ¶ 19).

The Court agrees with Defendants that the agreed order did not specifically require them to approve the applications to rezone the parcels, though it is evidence that the Board's denial was arbitrary and irrational.[5] Accordingly, the Court does not believe Plaintiff states a claim for breach of contract based on the failure to approve the applications for rezoning. In any event, Defendants, as public entities, are immune from liability for state claims arising from the denial of the applications under 745 ILCS 10/2-104, *see infra*.

---

[5] The agreed order did specifically require Defendants "to take the findings of this court regarding Properties A-C, and particularly the similarities between Properties B and D, into full consideration in the hearing of Plaintiff's application regarding Property D." (d/e 21, para. 48). Defendants did arguably breach the agreement in this regard, but that is not the breach upon which Plaintiff seeks damages.

**V. Res Judicata**

Contrary to Defendants' arguments, Plaintiff's claims are not res judicata because those claims are based on the October 2007 denials, which occurred after the agreed order was entered. The causes of action are therefore not identical because the claims in this case are based on different facts than the state court lawsuits (even though some facts overlap). *See* Russian Media Group, LLC v. Cable America, Inc., 598 F.3d 302, 310 (7th Cir. 2010)(res judicata did not apply where earlier suit arose from different set of operative facts). Plaintiff could not have brought her claims in this case in the earlier lawsuits because the events had not yet occurred.[6]

**VI. Agreed Order**

Contrary to Defendants' assertion, the agreed order does not bar Plaintiff's claims arising from the October 2007 denial of rezoning. That order, by its plain terms, bars actions related to the denials of the 2004 and 2005 applications. (d/e 21, para. 6)("neither party shall be liable for any further claims, . . . or any act of omission related to the Applications for

---

[6]To the extent Plaintiff *does* mean to relitigate the claims in her state court cases, res judicata would apply, but the Court does not read the complaint that way.

Zoning filed by Plaintiff and heard in zoning cases 04-46-Z and 05-68-Z . . .").

However, Plaintiff does appear to be claiming damages back to 2004 in her complaint. (d/e 1, ¶ 100). Damages for denials of the 2004 and 2005 applications would be barred by the agreed order. Plaintiff seems to limit her claim to the October 2007 denial in her response, but to clarify the record the Court will recommend dismissal of any claims regarding the earlier denials.

**VII. Statute of Limitations**

A two year statute of limitations applies to Plaintiff's § 1983 claims. Evans v. City of Chicago, 434 F.3d 916, 934 (7th Cir.2006). Her § 1983 claims based on the October 2007 denials are not barred by the two year statute of limitations, since Plaintiff filed this case in September, 2009. To the extent Plaintiff challenges the denial of her applications before that date, those claims would be barred by the two year statute of limitations (and the agreed order). As discussed above, Plaintiff does not appear to be making those claims, (d/e 17, p. 22), but the Court will recommend their dismissal in order to clarify the record.

As to the one-year statute of limitation on the state law claims, Defendants do not dispute Plaintiff's contention that she originally filed these claims in state court in January, 2008, and then voluntarily dismissed them on September 29, 2008. Under 735 ILCS 5/13-217, she had within one year from that voluntary dismissal to refile.[7] She filed this case on September 29, 2009, which satisfies the one-year deadline.[8][9] 5 ILCS 70/1.11 (in computing statute of limitations, first day is excluded and last day is included).

**VIII. State Law Immunity**

Defendants contend that they cannot be liable for denying the zoning application, because zoning is a legislative act which is protected by 745 ILCS 10/2-103, which states that "a local public entity is not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law." Defendants also cite 745 ILCS 10/2-104, which provides:

---

[7] The current version of 735 ILCS 5/13-217, which omits this grace period, was held unconstitutional because it could not be severed from other parts of the Act. Best v. Taylor Mach. Works, 179 Ill.2d 367 (1997). Thus, the prior version is still in force.

[8] The Complaint was electronically filed on September 30, 2009, but the docket shows that the Complaint was filed on September 29, 2009.

[9] Plaintiff disputes that the one-year limitations governs the breach of contract claim (d/e 17, p. 22), but she does not develop that argument. The Court does not address the argument, since the Complaint meets the one-year deadline, and, in any event, Defendants are immune from this claim.

> A local public entity is not liable for an injury caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order or similar authorization where the entity or its employee is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked.

745 ILCS 10/2-104.  These immunity statutes apply to the state law claims, not the federal claims.

Though Defendants do not cite the case, the Illinois Supreme Court addressed 745 ILCS 10/2-104 and other state immunity statutes in the context of a zoning decision in Village of Bloomingdale v. CDG Enterprises, Inc., 196 Ill.2d 484 (2001).  The Illinois Supreme Court held that a Village's denial of a petition to rezone property was "precisely what the legislature intended to immunize" in 745 ILCS 10/2-104.  196 Ill.2d at 495.  In that case, the plaintiff's claims for quasi-contract and tortious interference arising from the refusal to rezone were dismissed based on that immunity, even though the plaintiff alleged that the defendants had acted with "'corrupt and malicious motives.'" Id. at 496.

745 ILCS 10/2-104 thus protects Defendants from liability on the state law claims because they are all based on the denial of the zoning

applications, even the breach of contract claim. The October 2007 denial of the rezoning applications is the basis for the breach of contract claim: the denial is what caused Plaintiff's injury and why she has come to court. Couching the claim as a breach of contract action does not change this conclusion. See Village of Bloomingdale, 196 Ill.2d at 497 (Village immune from claim for tortious interference with business expectancy because claim was based on injury from denial of rezoning petition: "we hold, therefore, that pursuant to the [Tort Immunity] Act the Village is immune from liability for any injury resulting from that denial."). [10]

WHEREFORE, the Court RECOMMENDS that Defendants' Motion to Dismiss be granted in part and denied in part (d/e 10). For the reasons above, the Court recommends dismissal of the state law claims and of all claims regarding the denial of Plaintiff's 2004 and 2005 rezoning applications, to the extent Plaintiff pursues those claims. The Court further recommends that Defendant's motion to dismiss otherwise be denied.

---

[10] 745 ILCS 10/2-101 provides an exception to immunity for a public employee or pubic entity for actions based on contract (among others). As discussed above, though, Plaintiff's breach of contract action is based on the denial of the rezoning applications, and the agreed order does not specifically require the granting of those applications.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after ECF service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:   May 24, 2010

*s/ Byron G. Cudmore*

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE